# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41114
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 29, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO JAVIER MAYA, also known as Tampico, also known as Daniel
Ibarra,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:13-CR-317-2

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Francisco Javier Maya was convicted of conspiring to possess with the
intent to distribute more than 100 kilograms of marihuana in violation of 21
U.S.C. §§ 846, 841(a)(1) and (b)(1)(B) (Count 1), and aiding and abetting the
substantive offense of possession with intent to distribute approximately
454.54 kilograms of marihuana in violation of § 841(a)(1) and (b)(1)(B) and 18

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-41114

U.S.C. § 2 (Count 2). Following this conviction, in a separate case, Maya pleaded guilty to conspiring to possess with the intent to distribute 1,000 kilograms or more of a substance containing a detectible amount of marihuana in violation of §§ 846, 841(a)(1) and (b)(1)(A) (Count 1). At a consolidated sentencing, the district court overruled Maya's objections regarding relevant conduct and held him accountable for 4,156.456 kilograms of marihuana based on the application of the grouping provisions of Chapter 3, Part D of the Guidelines, and the relevant conduct provisions under U.S.S.G. § 1B1.3. The court determined Maya's base offense level to be 34 under U.S.S.G. § 2D1.1(c)(3) (2013), and ultimately sentenced him to a total of 189 months of imprisonment.

On appeal, Maya argues that the district court erred in applying the relevant conduct provision of § 1B1.3(a) in determining his base offense level under § 2D1.1(c). Specifically, he challenges the district court's decision to attribute to him as relevant conduct: (1) 664.07 kilograms of marihuana seized in Chicago, Illinois, on December 20, 2009; (2) 506.09 kilograms of marihuana seized in Pasadena, Texas, in August 2011; and (3) 31.752 kilograms he supplied in 2012. Notably, Maya concedes that the district court reasonably could have attributed to him as relevant conduct 2,954.44 kilograms of marihuana. At the time he was sentenced, "[a]t least 3,000 KG but less than 10,000 KG of Marihuana" was all that was required to warrant the base offense level of 34−the base offense level assessed in this case. *See* § 2D1.1(c)(3) (2013).

This court reviews the district court's application of the Guidelines de novo and its factual findings for clear error. *United States v. Hinojosa*, 749 F.3d 407, 411 (5th Cir. 2014). The district court's determination of what constitutes relevant conduct is a factual finding reviewed for clear error. *United States v. Buck*, 324 F.3d 786, 796 (5th Cir. 2003). A factual finding is

No. 14-41114

not clearly erroneous if it is plausible in light of the record read as a whole. *Rhine*, 583 F.3d at 885.  With respect to Maya's offenses of conviction, the district court was required to consider unadjudicated conduct that was "part of the same course of conduct or common scheme or plan as the count of conviction" as relevant conduct.  § 1B1.3(a)(2); *Buck*, 324 F.3d at 796; *United States v. Rhine*, 583 F.3d 878, 885 (5th Cir. 2009).

The district court did not specify through which avenue (common scheme or plan or same course of conduct) it reached its relevant-conduct finding.  The Government contends that based on the evidence, the district court could have plausibly found that Maya's involvement in two different marihuana transportation cells were substantially connected by a similar modus operandi and a common purpose, and thus constituted part of the same common scheme or plan as the offense of conviction.  *See* § 1B1.3, comment n. 9(A) (2013) (re-designated as § 1B1.3, comment n. 5(B) (2015)).  We agree.

Maya, in concert with his co-conspirators, recruited truck drivers, tractors, trailers, and associates for multiple drug trafficking associations with the common purpose of transporting bulk shipments of marihuana.  The district court attributed to Maya as relevant conduct 664.07 kilograms of marihuana seized in Chicago, Illinois, on December 20, 2009.  Maya admitted that this marihuana shipment originated in Edinburg, Texas, and that he coordinated the transportation with three unnamed co-conspirators.  Additionally, in June and July 2011, Maya, who coordinated the transportation of marihuana for a "Mr. Salinas," secured an undercover agent from the Drug Enforcement Administration (DEA) to provide the tractor-trailer and driver, and 506.09 kilograms of marihuana was transported and ultimately seized in Pasadena, Texas, in August 2011.

No. 14-41114

The record shows that Maya's conduct with respect to these drug amounts was part of his ongoing drug trafficking operation to coordinate the transportation of large shipments of marihuana, operating with a similar modus operandi and the same common purpose as his offenses of conviction. His conduct in connection with these amounts is therefore part of a common scheme or plan. *See* § 1B1.3. Consequently, we do not find that the district court clearly erred in including these drug amounts as relevant conduct for the calculation of the applicable base offense level. *See* § 1B1.3, comment n. 9(A) (2013) (re-designated as § 1B1.3, comment n. 5(B) (2015)).

Maya also challenges the inclusion as relevant conduct of 31.752 kilograms of marihuana he supplied in 2012. Even if the court were to accept Maya's argument with respect to this load, his base offense level would not change given that the other amounts challenged were properly included as relevant conduct. *See* § 2D1.1(c)(3) (2013). Thus, any error with respect to the district court's drug quantity calculation would be harmless. *See United States v. Solis*, 299 F.3d 420, 462 (5th Cir. 2002).

Accordingly, the judgment of the district court is AFFIRMED.

4